UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
DONNA INSINGA,

                Plaintiff,

  -against-                        **COMPLAINT AND**
                                        **DEMAND FOR JURY TRIAL**

FRONTIER AIRLINES, INC.,

                Defendant.
---------------------------------------------------------x

      Plaintiff, DONNA INSINGA, by her attorneys, KREINDLER & KREINDLER LLP, as and for her complaint against Defendant, FRONTIER AIRLINES, INC., alleges the following upon information and belief:

## PARTIES

    1.    At all times herein mentioned, Plaintiff, DONNA INSINGA, was, and remains, a resident and citizen of the State of New York.

    2.    At all times herein mentioned, Defendant, FRONTIER AIRLINES INC. (hereinafter "FRONTIER"), was, and remains, a foreign corporation authorized to do business in the State of New York, with its principal executive office located in Denver, Colorado.

    3.    At all times herein mentioned, Defendant, FRONTIER, was, and remains, a common carrier engaged in the business of transporting passengers for hire by air.

## JURISDICTION AND VENUE

    4.    The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332, based on complete diversity of citizenship, insofar as the matter in controversy arises between citizens of different States and exceeds the sum or value of $75,000.00, inclusive of interest and costs.

5. This Court maintains personal jurisdiction over Defendant FRONTIER because the Defendant has purposely availed itself of the privilege of doing business in the State of New York and Plaintiff's claim for damages arises from or relates to Defendant's in-state contacts.

6. Venue is proper in the Eastern District of New York under 28 USC § 1391(b)(3) because Defendant is subject to this Court's personal jurisdiction with respect to the instant action.

## FACTS OF THE CLAIM

7. At all times herein mentioned, Defendant, FRONTIER, as a common carrier of passengers by air, owed a non-delegable duty of care to ensure the safety and well-being of its passengers.

8. On August 3, 2019, Defendant, FRONTIER, was the operator of a flight designated as Frontier Flight 2848 with service from Fort Lauderdale-Hollywood International Airport (FLL) to Long Island MacArthur Airport (ISP) (hereinafter "the subject flight").

9. On August 3, 2019, the subject flight was conducted on an aircraft owned, leased, operated, staffed, maintained, or otherwise controlled by Defendant, FRONTIER (hereinafter "the subject aircraft").

10. On August 3, 2019, Defendant, FRONTIER, employed a cabin crew responsible for the safe and secure operation of the subject aircraft and the safety and well-being of its passengers aboard the subject flight.

11. On August 3, 2019, Defendant, FRONTIER, was responsible for the training, management, supervision, and/or control of its crew members aboard the subject flight, including but not limited to the crew's adherence to Defendant's standard safety policies and protocol.

12. On August 3, 2019, Defendant, FRONTIER, had a non-delegable duty to ensure that the subject aircraft was properly maintained and kept in a reasonably safe condition, free from any hazards or defects that might present a danger to passengers aboard the subject flight.

13. On August 3, 2019, Defendant, FRONTIER, had a non-delegable duty to ensure that its passengers were not exposed to hazardous conditions aboard the subject aircraft that may have resulted in injuries to those passengers.

14. On August 3, 2019, Plaintiff, DONNA INSINGA, was a fare-paying passenger lawfully ticketed to fly aboard the subject flight.

15. On August 3, 2019, Plaintiff, DONNA INSINGA, was caused to become injured while boarding the subject aircraft due to the negligence, carelessness and/or recklessness of Defendant, FRONTIER.

16. Specifically, Plaintiff, DONNA INSINGA, while boarding the subject aircraft, was caused to slip and fall when her foot came into contact with spilled food located on the floor of the subject aircraft's cabin.

17. The aforesaid food, which appeared to have been left from a preceding flight, was slippery in nature, creating a dangerous and hazardous condition on the cabin floor of the subject aircraft.

18. As a result of the fall, Plaintiff, DONNA INSINGA, was caused to sustain serious and permanent injuries to her person.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT FRONTIER AIRLINES, INC., FOR NEGLIGENCE

19. On August 3, 2019, Defendant, FRONTIER, through its employees, agents, servants and/or contractors, was negligent, careless and/or reckless insofar as Defendant violated

its non-delegable duty of care to passengers, and Plaintiff in particular, by failing to take suitable precautions for the safety of passengers aboard the subject aircraft.

20. On August 3, 2019, Defendant, FRONTIER, through its employees, agents, servants and/or contractors, was negligent, careless and/or reckless insofar as Defendant violated its non-delegable duty of care to passengers, and Plaintiff in particular, by failing to adhere to Defendant's established safety practices and procedures.

21. On August 3, 2019, Defendant, FRONTIER, through its employees, agents, servants and/or contractors, was negligent, careless and/or reckless insofar as Defendant violated its non-delegable duty of care to passengers, and Plaintiff in particular, by knowingly causing, permitting, and/or allowing the existence of a hazardous condition to remain on the cabin floor of the subject aircraft.

22. On August 3, 2019, Defendant, FRONTIER, through its employees, agents, servants and/or contractors, was negligent, careless and/or reckless insofar as Defendant violated its non-delegable duty of care to passengers, and Plaintiff in particular, by failing to ensure that the cabin floor of the subject aircraft had been properly cleaned prior to the time when ticketed passengers were permitted to board the subject aircraft.

23. On August 3, 2019, Defendant, FRONTIER, through its employees, agents, servants and/or contractors, was negligent, careless and/or reckless insofar as Defendant violated its non-delegable duty of care to passengers, and Plaintiff in particular, by failing to ensure that the cabin floor of the subject aircraft had been visually inspected for hazards prior to the time when ticketed passengers were permitted to board the subject aircraft.

24. On August 3, 2019, Defendant, FRONTIER, through its employees, agents, servants and/or contractors, was negligent, careless and/or reckless insofar as Defendant violated

its non-delegable duty of care to passengers, and Plaintiff in particular, by failing to ensure that the cabin floor of the subject aircraft had been properly cleared of hazards prior to the time when ticketed passengers were permitted to board the subject aircraft.

25. On August 3, 2019, Defendant, FRONTIER, through its employees, agents, servants and/or contractors, was negligent, careless and/or reckless insofar as Defendant violated its non-delegable duty of care to passengers, and Plaintiff in particular, by failing to remedy the aforesaid dangerous, hazardous condition on the cabin floor of the subject aircraft despite having actual notice of the condition's existence.

26. On August 3, 2019, Defendant, FRONTIER, through its employees, agents, servants and/or contractors, was negligent, careless and/or reckless insofar as Defendant violated its non-delegable duty of care to passengers, and Plaintiff in particular, by failing to remedy the aforesaid dangerous, hazardous condition despite having constructive notice of the condition's existence, insofar as the condition was visible, apparent, and had existed for a sufficient length of time prior to the injury-causing event to permit Defendant's employees, agents, servants and/or contractors to timely discover and remedy the condition.

27. On August 3, 2019, Defendant, FRONTIER, through its employees, agents, servants and/or contractors, was negligent, careless and/or reckless insofar as Defendant violated its non-delegable duty of care to passengers, and Plaintiff in particular, by permitting passengers to enter the subject aircraft despite having actual notice of the existence of the aforesaid dangerous, hazardous condition.

28. On August 3, 2019, Defendant, FRONTIER, through its employees, agents, servants and/or contractors, was negligent, careless and/or reckless insofar as Defendant violated its non-delegable duty of care to passengers, and Plaintiff in particular, by permitting passengers

to enter the subject aircraft despite having constructive notice of the aforesaid condition's existence, insofar as the condition was visible, apparent, and had existed for a sufficient length of time prior to the injury-causing event to permit Defendant's employees, agents, servants and/or contractors to timely discover it.

29. On August 3, 2019, Defendant, FRONTIER, through its employees, agents, servants and/or contractors, was negligent, careless and/or reckless insofar as Defendant violated its non-delegable duty of care to passengers, and Plaintiff in particular, by failing to inform, alert, or otherwise warn passengers, and Plaintiff in particular, of the aforesaid dangerous, hazardous condition on the cabin floor of the subject aircraft, despite having actual notice of the condition's existence.

30. On August 3, 2019, Defendant, FRONTIER, through its employees, agents, servants and/or contractors, was negligent, careless and/or reckless insofar as Defendant violated its non-delegable duty of care to passengers, and Plaintiff in particular, by failing to inform, alert, or otherwise warn passengers, and Plaintiff in particular, of the aforesaid dangerous, hazardous condition on the cabin floor of the subject aircraft, despite having constructive notice of the aforesaid condition's existence, insofar as the condition was visible, apparent, and had existed for a sufficient length of time prior to the injury-causing event to permit Defendant's employees, agents, servants and/or contractors to timely discover it.

31. As a direct and proximate result of Defendant's aforesaid negligence, carelessness and/or recklessness, Plaintiff, DONNA INSINGA, was injured.

32. As a direct and proximate result of Defendant's aforesaid negligence, carelessness and/or recklessness, Plaintiff, DONNA INSINGA, was seriously injured.

33. As a direct and proximate result of Defendant's aforesaid negligence, carelessness and/or recklessness, Plaintiff, DONNA INSINGA, was permanently injured.

34. As a direct and proximate result of Defendant's aforesaid negligence, carelessness and/or recklessness, Plaintiff, DONNA INSINGA, suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

35. As a direct and proximate result of Defendant's aforesaid negligence, carelessness and/or recklessness, Plaintiff, DONNA INSINGA, suffered economic loss and in the future shall continue to suffer from same.

36. As a direct and proximate result of Defendant's aforesaid negligence, carelessness and/or recklessness, Plaintiff, DONNA INSINGA, was forced to expend sums of money on medical treatment and in the future shall continue to expend sums of money on same.

37. As a direct and proximate result of Defendant's aforesaid negligence, carelessness and/or recklessness, Plaintiff, DONNA INSINGA, was deprived of her enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

38. The aforesaid incident occurred solely as a result of Defendant's negligence, carelessness and/or recklessness, without any negligence, carelessness and/or recklessness attributable in any measure to Plaintiff.

**WHEREFORE**, Plaintiff, DONNA INSINGA, demands judgment against Defendant, FRONTIER AIRLINES, INC., in an amount to be determined at trial, together with interest, costs and disbursements of this action.

<u>JURY DEMAND</u>

Plaintiff demands a jury of eight (8) persons for all claims stated.

Dated: August 3, 2021
New York, New York

KREINDLER & KREINDLER LLP

*/s/ Erin R. Applebaum*
_____
Erin R. Applebaum (EA2727)
*Attorneys for Plaintiff*
485 Lexington Avenue, Floor 28
New York, New York 10017
Tel. (212) 973-3430