UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DONNA INSINGA,

          Plaintiff,

    -against-

FRONTIER AIRLINES, INC.,

          Defendant.

Case No.: 1:21-4359 (LDH) (SJB)

**ANSWER**

Defendant Frontier Airlines, Inc. ("Frontier"), by and through its attorneys, Schnader Harrison Segal & Lewis LLP, as and for its Answer to the Complaint, avers as follows:

### AS TO PARTIES

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. Admits the allegations in paragraphs 2 and 3 of the Complaint.

### AS TO JURISDICTION AND VENUE

3. The allegations in paragraph 4 of the Complaint are legal in nature and, accordingly, Frontier makes no response thereto. To the extent the allegations in paragraph 4 can be construed to assert an allegation against Frontier, they are denied.

4. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 5 of the Complaint except leaves all questions of law for the Court.

5. The allegations in paragraph 6 of the Complaint are legal in nature and, accordingly, Frontier makes no response thereto. To the extent the allegations in paragraph 6 can be construed to assert an allegation against Frontier, they are denied.

## AS TO FACTS OF THE CLAIM

6. The allegations in paragraph 7 of the Complaint are legal in nature and, accordingly, Frontier makes no response thereto. To the extent the allegations in paragraph 7 can be construed to assert an allegation against Frontier, they are denied.

7. Admits the allegations in paragraph 8 of the Complaint.

8. Denies the allegations in paragraphs 9 through 13 of the Complaint except admits that Frontier operated Flight 2848 on August 3, 2019, and leaves all questions of law for the Court.

9. Admits the allegations in paragraph 14 of the Complaint.

10. Denies the allegations in paragraph 16 through 18 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION FOR NEGLIGENCE

11. Denies the allegations in paragraphs 19 through 38 of the Complaint except leaves all questions of law for the Court.

## AS AND FOR A FIRST
## AFFIRMATIVE DEFENSE

12. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND
## AFFIRMATIVE DEFENSE

13. Frontier performed all of the terms and conditions of the contract between the parties, if any, which were to be performed by Frontier, in accordance with such terms and conditions of contract.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

14. Pursuant to Frontier's tariffs, conditions of carriage and/or other applicable law, Frontier is not liable to Plaintiff or, in the alternative, Frontier's liability is limited.

**AS AND FOR A FOURTH
AFFIRMATIVE DEFENSE**

15. The alleged damages complained of were caused or contributed to by the negligence or culpable conduct of parties other than Frontier and Frontier is, therefore, not liable to Plaintiff or, alternatively, the amount of damages recoverable by Plaintiff and/or others must be diminished in the proportion which the negligence or culpable conduct attributable to third parties bears to the negligence or culpable conduct which caused the damage.

**AS AND FOR A FIFTH
AFFIRMATIVE DEFENSE**

16. The alleged damages complained of were not proximately caused by any culpable conduct on the part of Frontier.

**AS AND FOR A SIXTH
AFFIRMATIVE DEFENSE**

17. Plaintiff's damages, if any, were caused and brought about by an intervening and superseding cause and were not caused by Frontier, or by a person or entity for whom Frontier is responsible.

**AS AND FOR A SEVENTH
AFFIRMATIVE DEFENSE**

18. Frontier had no notice, actual, constructive, or otherwise of the alleged dangerous, hazardous and unsafe condition.

**AS AND FOR AN EIGHTH
AFFIRMATIVE DEFENSE**

19. Plaintiff assumed the risk of her alleged injuries and on that account Frontier is not liable to Plaintiff.

## AS AND FOR A NINTH
## AFFIRMATIVE DEFENSE

The dangers, if any, alleged in the Verified Complaint were patent, open and obvious.

## AS AND FOR A TENTH
## AFFIRMATIVE DEFENSE

20. Plaintiff failed to mitigate her damages, if any. Accordingly, Plaintiff is barred in whole or in part from recovery.

## AS AND FOR AN ELEVENTH
## AFFIRMATIVE DEFENSE

21. Plaintiff's claims are preempted by federal law, including but not limited to, the Airline Deregulation Act and the Federal Aviation Act.

## AS AND FOR A TWELFTH
## AFFIRMATIVE DEFENSE

22. That the culpable conduct of Plaintiff, including comparative negligence and assumption of risk, caused, in whole or in part, the damages claimed herein, and pursuant to CPLR § 1411, said damages should be diminished in the proportion which the culpable conduct attributable to Plaintiff bears to the culpable conduct which caused said damages.

## AS AND FOR A THIRTEENTH
## AFFIRMATIVE DEFENSE

23. Upon information and belief, any past or future costs or expenses included or to be incurred or to be incurred by Plaintiff for medical care, dental care, podiatric care, custodial care or rehabilitative service, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified, in whole or in part, from a collateral source as defined in §4545(c) of the CPLR. Frontier, therefore, is exempt from liability for same.

4

### AS AND FOR A FOURTEENTH
### AFFIRMATIVE DEFENSE

24. If Frontier is found liable to Plaintiff, which liability Frontier expressly denies, then Frontier is entitled to a set-off for all settlements/benefits received by Plaintiff.

### AS AN FOR A FIFTEENTH
### AFFIRMATIVE DEFENSE

25. The liability of Frontier, if any, must be limited by the provisions of CPLR Article 16.

### AS AND FOR A SIXTEENTH
### AFFIRMATIVE DEFENSE

26. Plaintiff's Complaint lacks the descriptiveness and/or particularity which would enable Frontier to assert all applicable defenses, and, accordingly, Frontier reserves the right to assert and rely upon additional defenses which may become available during discovery or trial.

WHEREFORE, Frontier Airlines, Inc. demands judgment dismissing the Complaint in its entirety, or alternatively, limiting its liability pursuant to the foregoing, together with costs, disbursements and such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 24, 2021

SCHNADER HARRISON SEGAL & LEWIS LLP

By: _____
Harry S. Alexander (BA 3556)
140 Broadway, 31st Floor
New York, New York 10005
(212) 973-8099
*Attorneys for Defendant*
*Frontier Airlines, Inc.*

To: Erin R. Applebaum (EA 9785)
    Kreindler & Kreindler LLP
    485 Lexington Avenue, 28th Floor
    New York, New York 10017
    (212) 973-3430
    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I, Denise Martinez, hereby certify that, on this 24th day of August 2021, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record for Plaintiff:

Erin R. Applebaum (EA 9785)
Kreindler & Kreindler LLP
485 Lexington Avenue, 28th Floor
New York, New York 10017
(212) 973-3430
*Attorneys for Plaintiff*

By: _____
           Denise Martinez